IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Edith Budik, | : | |
| | : | Civil No. L-09-3079 |
| Plaintiff | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| United States, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Now pending is the Motion of the United States to Dismiss for lack of jurisdiction, for failure to state a claim, and for improper venue. Docket No. 25. The issues are fully presented in the briefs and no hearing is deemed necessary. See Local Rule 106.5 (D. Md. 2010). For the reasons set forth herein, the Court finds that venue in this district is improper, and accordingly TRANSFERS the case to the United States District Court for the District of Columbia.

### I.  BACKGROUND

The Plaintiff, Edith Budik, M.D., proceeding pro se, originally brought this action against Colonel Michael Brazaitis, M.D., in his personal capacity, alleging violations of the 10 U.S.C. § 1102 (Confidentiality of Medical Quality Assurance Records) and the Privacy Act, 5 U.S.C. § 552. Budik's Complaint alleges that an evaluation of her clinical performance completed by Brazaitis, who served as her supervisor at Walter Reed Army Medical Center ("Walter Reed") contained derogatory comments regarding a limitation in her practice. She maintains that disclosure of this evaluation to Malcolm Grow Medical Center at Andrews Air Force Base

("Malcolm Grow") in violation of the above statutes caused damage to her professional reputation and prevented Malcolm Grow from hiring her.

The United States moved to substitute itself as the proper Defendant in this case, certifying that Brazaitis had at all times acted within the scope of his employment. The Court granted this request by Order dated November 20, 2009. Docket No. 11. In response, Budik filed both a Motion for Reconsideration (Docket No. 15) and a Notice of Interlocutory Appeal (Docket No. 16). The Court denied Budik's Motion for Reconsideration and the United States Court of Appeals for the Fourth Circuit, in an unpublished per curium opinion, dismissed Budik's appeal. See Docket Nos. 21 and 22.

The United States then filed the Motion to Dismiss now before the Court. Among the several grounds advanced, the United States argues that, because Colonel Brazaitis's Maryland residence was this case's only connection to this district, and because both Budik's residence and Walter Reed itself are in the District of Columbia, venue is no longer proper here. The Court agrees.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(3), a party may move for dismissal of an action in which venue in the court before which the action is pending is improper. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406. When venue is challenged, the burden is on the Plaintiff to show that venue is proper where the case was brought. Bartholonew v. Virginia

Chiropractors Assoc., 612 F.2d 812, 816 (4th Cir. 1979), overruled on other grounds by Union Labor Life Ins. Co. v. Pinero, 458 U.S. 119 (1982).

### III. DISCUSSION

In a case such as the one at bar, in which suit is brought against the United States or an agency thereof, venue is proper in any judicial district in which "(1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. §1391(e). In a case brought under the Privacy Act, an action may be brought "in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. §552a(g)(5). Venue is proper in the district where both the plaintiff and the records at issue are located. See, e.g., Roberts v. U.S. Dep't of Transp., No. 02-829, 2002 U.S. Dist. LEXIS 14116 (E.D. Pa. July 3, 2003); Warg v. Reno, 19 F. Supp. 2d 776 (N.D. Ohio 1998).

Budik has offered no argument in response to the United States' assertion of improper venue. In this case, the Complaint indicates that Budik resides in the District of Columbia. The Court takes judicial notice of the fact that Walter Reed, where the records at issue were created and stored, is likewise located in the District of Columbia. Colonel Brazaitis resides in Maryland, but since the United States is the proper Defendant in this case, he is no more than a potential witness. The Court apprehends no prejudice to Budik in litigating the case in her home district, and indeed the United States District Court for the District of Columbia is surely more

thoroughly versed in the complex issues surrounding suits brought against the United States under the Privacy Act than is this Court. Accordingly, transfer is warranted and will serve the interests of justice and judicial economy.

## IV. CONCLUSION

For the reasons stated above, the Court will, by separate Order of even date, TRANSFER the case to the United States District Court for the District of Columbia.

Dated this 11th day of July, 2011.

                                                                _____/s/_____
                                                                 Benson Everett Legg
                                                                 United States District Judge